IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

FREDERICK HERROD                                                                           PLAINTIFF

v.                    Civil No.   5:25-cv-05070-TLB

PAMELA JOE BONDI,
United States Attorney General                                                            DEFENDANT

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Frederick Herrod ("Herrod"), a federal inmate housed in the Federal Correctional Center—FCI Seagoville—in Seagoville, Texas, has filed a "non-Bivens" civil rights action alleging the Court has jurisdiction under 5 U.S.C. § 702 and 28 U.S.C. § 1331 and statutory venue under 28 U.S.C. § 1391(b)(2). (ECF No. 1 at 3 & 7); (ECF No. 3 at 1). Herrod seeks leave to proceed *in forma pauperis.* (ECF No. 2). In apparent anticipation of this Court determining Herrod has three strikes under the Prison Litigation Reform Act, he also filed a motion to prove imminent danger of physical injury for purposes of 28 U.S.C. § 1915(g).

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), U.S. District Judge Timothy L. Brooks referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

---

[1] Enacted as part of the Prison Litigation Reform Act.

1

## I.    Relevant Background

Herrod alleges his "habeas privilege" was violated. (ECF No. 1 at 3). He describes this case as one about an alleged violation of the suspension clause under Article 1, Section 9, clause 2 of the United States Constitution. *Id.* The suspension clause states: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. Art. 1, § 9, cl. 2. Specifically, Herrod states he "must bring a claim to this court that his suspension clause protection was violated after he made claims that US Statutes, [28 U.S.C. §§ 2255(e) and 2243], prevented him from proper adjudication of his habeas petition that alleged the court that committed him did not have competent or proper jurisdiction pursuant to the US Constitution." (ECF No. 3 at 6) (memorandum brief in support of the Complaint).

Herrod seeks declaratory relief, clarifying that he is not asking for monetary damages. (ECF No. 3 at 1-2). Specifically, he seeks a declaration that the suspension clause, defined as the privilege of habeas corpus, can be used to challenge the formal jurisdiction of the committing court. *Id.* at 3. Herrod names only United States Attorney General Pamela J. Bondi and brings his claims against Bondi in her official capacity. *Id.* at 1-2. Herrod maintains Defendant Bondi is liable because she leads the United States Attorney's office that "is responsible for the plaintiff's injury because they are apart of the executive branch of government charged with administering and carrying out the law under the statute that adversely affected and aggrieved the plaintiff." *Id.* at 2.

According to Herrod, he is not seeking release from custody; rather, he is seeking an additional opportunity to obtain asylum. (ECF No. 3 at 4). He thus alleges his claim falls outside

2

the scope of the writ of habeas corpus. *Id.* Herrod articulates that as applied to him, 28 U.S.C. §§ 2255(a) & (b), 2255(e), and 2243 "failed to protect his constitutional guarantee and violated his 'privilege' of habeas corpus as defined by the Supreme Court." *Id.* at 13.

Herrod makes no factual allegations in the Complaint or memorandum in support until page thirteen. At page 13, Herrod reminds the Court that he filed a motion to vacate his sentence under 28 U.S.C. § 2255. (*United States v. Herrod,* 5:19-cr-50094-1-TLB (ECF No. 103) (motion to vacate); (ECF No. 107) (amended motion to vacate); (ECF No. 149) (supplement); (ECF No. 151) (supplement)). Herrod pled guilty to a one-count information charging him with possession with intent to distribute a mixture or substance that contained a detectable amount of methamphetamine, 21 U.S.C. §§ 841(a)(1) & (b)(1)(C), *Herrod v. United States,* 5:21-cv-05154-TLB (civil case) (all filings docketed to the criminal case); *United States v. Herrod,* 5:19-cr-50094-1-TLB (criminal case). He was sentenced to 108 months of imprisonment, 3 years of supervised release, a $4,900 fine and special assessment of $100. In his § 2255 motion, Herrod's primary contention was that the United States District Court for the Western District of Arkansas, Fayetteville Division, lacked jurisdiction to prosecute him for violations of federal drug laws. (5:19-cr-50094-1 (ECF No. 154 at 6)).

The undersigned determined that a procedural bar existed to Herrod's § 2255 claim because the Court of Appeals for the Eighth Circuit rejected his jurisdictional challenge, *United States v. Herrod,* 825 Fed. Appx. 406 (8th Cir. 2020) (per curiam). (5:19-cr-50094-1 (ECF No. 154 at 6-7)) (report and recommendation)). Dismissal with prejudice of the § 2255 habeas corpus action was recommended. *Id.* Herrod objected to the recommendation. (5:19-cr-50094-1 (ECF No. 155)). Judge Brooks adopted the report and recommendation in its entirety and dismissed the

3

petition to vacate with prejudice. (5:19-cr-50094-1 ECF No. 158). A certificate of appealability was denied. *Id.* Herrod then filed a motion to reduce his sentence. (5:19-cr-50094-1 ECF No. 178). The motion was granted; Herrod's sentence was reduced to ninety-seven months. (5:19-cr-50094-1 (ECF No. 179)). Herrod filed a second motion for reduction of sentence which was denied. (5:19-cr-50094-1 (ECF No. 184)).

Here, Herrod once again claims this Court lacked formal jurisdiction; that he was illegally detained; and that he was detained under color of state law rather than federal law. (ECF No. 3 at 13). Specifically, he states he "has been convicted and is illegally detained by the US Government under legislative statutes that did not provide the court with proper competent jurisdiction. Ark. Code Ann. 16-88-101 and 28 USC 1251." *Id.* Herrod maintains the "State of Arkansas enforced the above statutes abridging his privilege to have his case heard by the US Supreme Court and his immunity from State prosecution without a court of competent jurisdiction." *Id.* As a result, Herrod maintains he has twice been placed in jeopardy for the same offense. *Id.* Herrod further argues that the committing court was the state court. (ECF No. 3 at 14). Herrod contends application of the judge made doctrine of res judicata in his habeas case "failed to protect [his] constitutional guarantee which allows me to inquire into the formal jurisdiction of the committing court. Because 28 USC 2243 allowed the court/judges to use judge-made law/doctrines that failed to protect my constitutional guarantee, the statute is responsible for my injury." *Id.* at 15. Herrod continues to object to the Court construing his petition as one under § 2255 rather than under § 2241. *Id.* at 17.

## II. SCREENING STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

Although Herrod has gone to great lengths to reframe his claims to avoid dismissal, he has done nothing more than repackage the claims he asserted on direct appeal from his guilty plea and sentencing and one he included in his § 2255 petition. When his rather verbose and circuitous arguments are distilled, his claims are: (1) the United States District Court for the Western District

of Arkansas lacked jurisdiction to prosecute him in the underlying criminal case; and (2) he was placed in double jeopardy because the underlying criminal conduct was the same conduct prosecuted by the state.

The Court of Appeals for the Eighth Circuit rejected Herrod's arguments, noting that 18 U.S.C. § 3231 gave the district courts original jurisdiction over all offenses against the laws of the United States. *United States v. Herrod,* 825 Fed. Appx. 406, 497 (8th Cir. 2020) (per curiam). Herrod's arguments were again rejected in the Order adopting the undersigned's report and recommendation with respect to his § 2255 petition. Judge Brooks noted Herrod's jurisdictional arguments challenged "the so called 'dual sovereignty' doctrine." (5:19-50094-1 (ECF No. 158 at 2)). In short, Herrod believed the federal government lacked jurisdiction to charge him with drug crimes because the state was also charging him with drug crimes on same set of facts. Judge Brooks clarified:

> The state and federal governments are different sovereigns with different laws. They may each prosecute an individual for the same unlawful conduct without offending the U.S. Constitution. *See Heath v. Alabama,* 474 U.S. 82, 90 (1985) ("[T]he dual sovereignty doctrine is founded on the common law conception of crime against the sovereignty of the government. When a single act violates the peace and dignity of two sovereigns by breaking the laws of each, [the defendant] has committed two distinct offences.").

*Id.*

These prior decisions operate as a procedural bar to Herrod's current claims. *Hillary v. Trans World Airlines, Inc.,* 123 F.3d 1041, 1044 n.2 (8th Cir. 1997) ("Under federal law, the doctrine of rest judicata bars litigation of a claim if: '(1) the prior judgment was rendered by a court of competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases'") (citations

omitted), *cert. denied,* 522 U.S. 1090 (1998).  Herrod has therefore failed to state any plausible claims.

To the extent Herrod seeks to invoke the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-706, to review the decision of the United States Attorney's Office to prosecute him, his claim fails.  While the APA allows review of final agency decisions, it does not permit review of an individualized decision on whether to federally prosecute an individual.  In *Heckler v. Chaney,* 470 U.S. 821, 831 (1985), the Supreme Court recognized a distinction between an individualized prosecutorial decision and a broadly applicable enforcement policy.  *Id.* ("The Court has recognized on several occasions over many years that an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion."); *United States v. Armstrong,* 517 U.S. 456 (1996) ("The Attorney General and United States Attorneys retain 'broad discretion' to enforce the Nation's criminal laws.  They have this latitude because they are designated by statutes as the President's delegates to help him discharge his constitutional responsibility to 'Take Care that the Laws be faithfully executed.' U.S. Const., Art. II, § 3.").  "In the ordinary case, 'so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before the grand jury, generally rests in his discretion.'"  *Id.* (quoting *Bordenkircher v. Hayes,* 434 U.S. 357, 364 (1978)).  Herrod makes no argument he is challenging a specific Department of Justice ("DOJ") policy regarding the prosecution of drug offenders.  *See e.g., WildEarth Guardians v. United States Department of Justice,* 181 F. Supp. 3d 651 (D. Ariz. 2015) (challenge to the DOJ's McKittrick policy is permissible under the APA).  Herrod has failed to state a claim under the APA.

## IV. CONCLUSION

For the reasons stated above, it is recommended that:

(1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(2) Plaintiff/Petitioner be warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the **Clerk** is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and

(3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Status of Referral: The referral terminates upon the filing of this Report and Recommendation.

**RECOMMENDED** this 14th day of April 2025.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE